# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-251-4 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TRAVON GALES, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On March 18, 2025, the Court received correspondence from defendant Travon Gales ("Gales") seeking the Court's assistance with his placement in a halfway house or home confinement. (Doc. No. 843.) The Court construes the correspondence as a motion for an order of placement in a residential reentry center ("RRC"). Because the Court lacks the authority to grant Gales the relief he seeks, the motion is denied.

On January 28, 2020, the Court sentenced Gales to a custody term of 75 months following his guilty plea to conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C) and 846; possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. No. 507 (Judgment); Minutes of Proceedings [non-document], 1/28/2020; Doc. No. 423 (Plea Agreement); Minutes of Proceedings [non-document], 10/2/2019;

*see also* Doc. No. 13 (Indictment).) He is serving his sentence at Lexington FMC, and he has an anticipated release date of September 24, 2025. (https://www.bop.gov/inmateloc/, last visited March 26, 2025.)

In his motion, Gales indicates that the Unit Team Manager at his facility requested February 14, 2025, as the date for RRC placement, and March 24, 2025, as the date for his entry into home confinement. (Doc. No. 843, at 1.) Notwithstanding these requests, Gales alleges that the Bureau of Prisons ("BOP") only approved him for RRC placement, beginning August 26, 2025, and delayed any home confinement to September 24, 2025. (*Id*.) Gales complains that these delays are "unfair[,]" and will only permits him 28 days in a halfway house after serving a five-year sentence. (*Id*.) Moreover, he claims that he cannot see any basis for the delay, as the private inquires of his family and friends to the RRC in his district have revealed that there is "plenty of bed space" at the RRC. (*Id*.) Based on these circumstances, he asks the Court to "look in to this" and "help [him] out[.]" (*Id*.)

The BOP, pursuant to 18 U.S.C. §3624(c)(1) as amended by the Second Chance Act, Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (Apr. 9, 2008), may place an inmate in an RRC for no longer than twelve months at the end of his or her sentence. *See Demis v. Sniezek*, 558 F.3d 508, 513–14 (6th Cir. 2009). While a court may make a non-binding recommendation for such placement, the BOP has exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long. 18 U.S.C. § 3621(b); *see also Tapia v. United States*, 564 U.S. 319, 331, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program. But decisionmaking [sic] authority rests with the BOP." (internal citation omitted, emphasis in original)). To the extent Gales believes that

the BOP arrived at his RRC placement date in error, his remedy is to file a habeas petition, pursuant to 28 U.S.C. § 2241, in the jurisdiction in which he is held, after he has exhausted his administrative remedies. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). This Court, however, is without authority to order the BOP to grant Gales an earlier date for RRC placement.[1]

This Court also lacks the authority to modify Gales's sentence to include a term of home confinement. The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." (quotation marks and citation omitted)). Gales has not identified any statutory authority by which the Court could modify or amend his sentence.

---

[1] The Court does not understand Gales to be requesting a judicial recommendation for RRC placement, and, in any event, the Court declines to make such a recommendation. Gales presents no evidence of behavior during his incarceration that demonstrates any attempt at rehabilitation. When courts make recommendations to the BOP for halfway house or RRC placement, they usually do so based on records of an inmate's good behavior and efforts at self-improvement while in prison. *See, e.g. United States v. Ahmed*, No. 1:07-cr-647, 2017 WL 5166427, at *2 (N.D. Ohio Nov. 8, 2017) (granting motion for judicial recommendation for RRC placement based on defendant's extensive record of classes taken while incarcerated and accumulation of nearly two years of good-time credit). Because the BOP is in the best position to determine if an inmate is suitable for placement in a halfway house or an RRC, and the Court does not have sufficient information in this instance to make a well-informed recommendation, the Court declines to make a recommendation regarding the advisability of placement in a halfway house or home confinement. *See United States v. Franklin*, No. 15-20283, 2019 WL 4942033, at *1 (E.D. Mich. Oct. 8, 2019) (deferring to BOP regarding placement in RRC or home confinement (citations omitted)).

For the foregoing reasons, Gales's motion (Doc. No. 843) is denied.

**IT IS SO ORDERED**.

Dated: March 28, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

4